**O**
**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court,
BC 481741

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUDMILLA SHAPOSHNIK,<br><br>  Plaintiff,<br>  v.<br>JP MORGAN CHASE BANK; MELINDA KARCH; and DOES 1 through 100, inclusive,<br><br>  Defendants. | Case No. 2:12-cv-05018-ODW(PLAx)<br><br>**ORDER GRANTING MOTION FOR REMAND [13]** |

Defendants JP Morgan Chase Bank and Melinda Karch removed this action to this Court following Plaintiff Ludmilla Shaposhnik's initial filing in the Los Angeles County Superior Court. (ECF No. 1.) Pending before the Court is Shaposhnik's Motion to Remand. (ECF No. 13.)[1]

## I. FACTUAL BACKGROUND

This case involves an employment dispute between Shaposhnik, a former branch manager at JP Morgan Chase Bank ("JPMC"), and Defendants JPMC and Karch, Shaposhnik's supervisor. Shaposhnik, a 44-year-old female, was terminated by Karch on September 28, 2011. (FAC ¶ 17.).

Shaposhnik began working for JPMC in September 1994. (FAC ¶ 9.) In 2001, Shaposhnik was promoted to Branch Manager of JPMC's Woodland Hills branch. (FAC ¶ 9.)

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

In 2011, Shaposhnik suspected two JPMC employees of having a relationship in violation of company policy, and reported it to Karch. (FAC ¶ 11.) Following this report, Karch alerted Shaposhnik that she was disappointed with Shaposhnik's work performance. (FAC ¶ 15.) Further, Karch overloaded Shaposhnik with "action plans," and Shaposhnik believed Karch forced her to work harder than other younger branch managers. (FAC ¶ 16.) She also believed that Karch actively sought opportunities to demote or terminate her, and continuously preferred male employees over female ones. (FAC ¶ 16.)

In September 2011, Karch fired Shaposhnik on the grounds that Shaposhnik violated company policy by allowing employees to forge customer signatures. (FAC ¶ 17.)

Shaposhnik's FAC alleges seven causes of action—six causes of action arising under California's Fair Employment and Housing Act for (1) age discrimination, (2) sex discrimination, (3) harassment, (4) retaliation, (5) failure to prevent discrimination, and (6) wrongful termination; and two additional causes of action for (7) wrongful termination in violation of public policy, and (8) defamation.

## II. LEGAL STANDARD

If an action before a state court could originally have been brought before a federal court, the defendants in the action may remove to a federal court in the same district. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). A party may bring a motion for remand whenever it appears a matter is not properly before a federal court. 28 U.S.C. § 1447(c).

Under § 1441(b), an action may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b). When a matter is removed on diversity grounds, complete diversity "must exist at the time the action is removed to federal court." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Where fraudulent joinder is alleged in a removal action, the court may look beyond the pleadings to determine whether joinder is proper. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). More importantly:

> A merely defective statement of the plaintiff's action does not warrant removal . . . . It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent.

*Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944). And if it is doubtful whether the district court has jurisdiction, the doubt is ordinarily resolved in favor of remanding the action back to state court. *Id.*

### III.  DISCUSSION

In order to establish fraudulent joinder—and to survive this motion to remand—Defendants must show that Shaposhnik fails to state any claim against Karch, the alleged sham defendant. For instance, Defendants must show that Shaposhnik cannot sustain a defamation cause of action against Karch.

Defamation is "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 826 (9th Cir. 2008).

In her Complaint, Shaposhnik alleges that a co-worker told Karch that she forged documents and created fake customer accounts. (FAC ¶ 77.) Further, she contends that Karch republished these false accusations to different levels of JPMC management. (FAC ¶¶ 17, 78–79.) Shaposhnik denies these accusations and suggests that the true reason for Karch's conduct, which resulted in Shaposhnik's termination, was because Karch discriminated against her based on her age and gender. (FAC ¶ 18.)

Based on these allegations, the Court finds that there exists some probability that Shaposhnik can prove defamation. While the Court declines to comment on the

merits of the case, this probability is sufficient to find that Karch is not a sham defendant. Thus, complete diversity among Defendants is ruined. Further, if there is any doubt concerning subject-matter jurisdiction, the preference is to remand to state court. *Albi*, 140 F.2d at 312.

## IV.   CONCLUSION

For the reasons discussed above, Shaposhnik's Motion for Remand is **GRANTED**. The Court **REMANDS** the case to Los Angeles County Superior Court for lack of subject matter jurisdiction. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 16, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**